UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| ROBERT LANDERS,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>CWI, INC.,<br><br>*Defendant.* | § § § § § § § § § § § § | Civil Action No. 1:18-cv-102-GNS<br><br><br>JURY TRIAL DEMANDED<br><br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Robert Landers brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who have worked for Defendant CWI, Inc. (hereinafter "Defendant" or "CWI") at any time from August 2, 2015 through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiff and the Putative Class Members are those persons who have worked for CWI during the relevant time period and have not been paid according to the provisions of the FLSA.

3. Specifically, CWI has intentionally deducted hours from Plaintiff and the Putative Class Members' time records and has required Plaintiff and the Putative Class Members to perform work off the clock.

4. In addition, CWI has improperly accounted for commissions in its calculations of Plaintiff and the Putative Class Members' regular rate(s), thereby creating a miscalculation of Plaintiff and the Putative Class Members' regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

6. Plaintiff and the Putative Class Members have not been paid for all hours worked, and have not been paid the correct amount of overtime for all hours worked in excess of forty (40) hours per workweek.

7. The decision by CWI not to pay all compensation due to Plaintiff and the Putative Class Members has neither been reasonable nor in good faith.

8. CWI has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked, and the correct amount of overtime for all hours they have worked over forty (40) hours per workweek.

9. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

10. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

12. Plaintiff Robert Landers ("Landers") worked for CWI within the relevant time period. Plaintiff Landers has not been paid for all hours worked nor has he received the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

13. The Putative Class Members are those current and former employees who have worked for CWI at any time from August 2, 2015 and have been subjected to the same illegal pay system under which Plaintiff Landers works and was (and continues to be) paid.

14. Defendant CWI, Inc. ("CWI") is a Kentucky for-profit corporation and may be served through its registered agent for service, **Brent Moody, 650 Three Springs Road, Bowling Green, Kentucky 42104**.

## III.
## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

16. This Court has personal jurisdiction over CWI because the cause of action arose within this District as a result of CWI's conduct within this District and Division.

17. Venue is proper in the Western District of Kentucky because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, CWI is headquartered in Bowling Green, Kentucky, which is located in this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

---

[1] The written consent of Robert Landers is attached hereto as Exhibit A.

## IV.
## ADDITIONAL FACTS

20. CWI sells Recreational Vehicles ("RVs"), Campers, and related accessories across the United States. CWI also provides maintenance and repair services for RVs and Campers.[2]

21. To provide these services, CWI employed numerous individuals—Plaintiff and the Putative Class Members—to provide services to CWI's clients and to sell CWI's goods.

22. Plaintiff Landers worked for CWI from approximately July 2016 until July 2018.

23. CWI has paid Plaintiff and the Putative Class Members by the hour plus commissions.

24. Specifically, Plaintiff Landers was paid twelve dollars ($12.00) per hour, in addition to commissions on his sales.

25. Plaintiff and the Putative Class Members have regularly worked in excess of forty (40) hours per week.

26. Specifically, Plaintiff and the Putative Class Members have worked at least fifty-five (55) hours a week for Defendant.

27. Plaintiff and the Putative Class Members have been required to perform work "off the clock" and without pay. That is, CWI has required Plaintiff and the Putative Class Members to perform work at the beginning of their respective shifts and before clocking in and has also required Plaintiff and Putative Class Members to perform work at the end of their shift, after they have clocked out.

28. CWI has denied Plaintiff and the Putative Class Members their lawful wages as a result of a widely applicable, illegal pay practice.

---

[2] https://www.campingworld.com.

*Original Collective Action Complaint*          Page 4

29. Plaintiff and the Putative Class Members have not been paid for all hours worked and ultimately have not been paid the correct amount of overtime at time and one half for all hours worked over forty in each workweek.

30. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked.

31. In addition, pursuant to 29 C.F.R. § 778.117, Defendant has been required to include any and all commissions in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers have been applied.

32. Accordingly, CWI's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A. FLSA COVERAGE**

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The FLSA Collective is defined as:

**ALL HOURLY EMPLOYEES WHO HAVE WORKED FOR CWI, INC. AT ANY TIME FROM AUGUST 2, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND (A) HAVE NOT BEEN PAID FOR ALL HOURS WORKED AND/OR (B) HAVE NOT RECEIVED THE PROPER AMOUNT OF OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

35. At all times hereinafter mentioned, CWI has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

36. At all times hereinafter mentioned, CWI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that the enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

37. During the respective periods of Plaintiff and the Putative Class Members' employment by CWI, these individuals have provided services for CWI that have involved interstate commerce.

38. In performing the operations hereinabove described, Plaintiff and the Putative Class Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

39. Specifically, Plaintiff and the Putative Class Members are (or were) **non-exempt** employees of CWI who are (or were) employees responsible for selling goods and materials that have been moved in or produced for commerce. 29 U.S.C. § 203(j).

40. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who have been engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

41. In violating the FLSA, CWI has acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

42. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 34.

43. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of CWI.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. CWI has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for all hours worked, including time worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

46. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of CWI's acts or omissions as described herein; though CWI is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

47. Moreover, CWI knowingly, willfully and in reckless disregard has carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the correct amount of overtime compensation. 29 U.S.C. § 255(a).

48. CWI has known or should have known its pay practices were in violation of the FLSA.

49. CWI is a sophisticated party and employer, and therefore has known (or should have known) its policies were in violation of the FLSA.

50. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who have trusted CWI to pay according to the law.

51. The decision and practice by CWI to not pay for all hours worked and the proper amount of overtime for all hours worked has neither been reasonable nor has been in good faith.

52. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

55. Other similarly situated employees have been victimized by CWI's patterns, practices, and policies, which are in willful violation of the FLSA.

56. The Putative Class Members are defined in Paragraph 34.

57. CWI's failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

58. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

59. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

60. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—have been entitled to be properly compensated for all hours worked and at the correct overtime rate for all hours that have been worked in excess of forty (40) hours per workweek.

61. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and CWI will retain the proceeds of its rampant violations of federal wage and hour laws.

63. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

64. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 34 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

65. Plaintiff respectfully prays for judgment against CWI as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring CWI to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding CWI liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

   g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

   h. For an Order awarding Plaintiff a service award as permitted by law;

   i. For an Order compelling the accounting of the books and records of CWI; and

   j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 2, 2018   Respectfully submitted,

      **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**

    By: */s/ Trent Taylor*
      **Trent R. Taylor**
      ttaylor@barkanmeizlish.com
      **Robert E. DeRose** *(Pro Hac Vice Anticipated)*
      bderose@barkanmeizlish.com
      250 E. Broad St., 10th Floor
      Columbus, Ohio 43215
      Telephone: (614) 221-4221
      Fax: (614) 744-2300

      **ANDERSON ALEXANDER, PLLC**

    By: */s/ Clif Alexander*
      **Clif Alexander** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys for Plaintiff and the Putative Class Members***